STATE OF LOUISIANA

VERSUS

SCOTT J. LEDET

NO. 25-K-341

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

August 15, 2025

Susan Buchholz
Chief Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE J. STERLING SNOWDY, DIVISION "C", NUMBER 18,293

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

## WRIT GRANTED; RULING REVERSED;
## MOTION IN LIMINE DENIED; MATTER REMANDED

Relator, the State of Louisiana, seeks review of the 40th Judicial District Court's July 28, 2025 ruling granting Defendant, Scott J. Ledet's, Motion *in Limine* to exclude any La. C.E. art. 412.2 evidence. We grant the writ application for the following reasons.

Defendant was indicted on charges of sexual battery in violation of La. R.S. 14:43.1, first degree rape in violation of La. R.S. 14:42, and two counts of third degree rape in violation of La. R.S. 14:43 in December 2018. Each charge related to the same victim—D.W., who was born on February 26, 2000. At his arraignment, Defendant pled not guilty, and later filed an omnibus motion for open discovery. In March 2021, the prosecutor informed the district court and defense counsel of the State's intent to file La. C.E. art. 412 motions. The trial court set a May 1, 2021 deadline for filings to give both parties adequate time to prepare.

On July 18, 2025, the State filed a Notice of Intent to Use Evidence of Similar Crimes, Wrongs, or Acts in Sex Offense Cases Pursuant to Code of Evidence Article 412.2. In that notice, the State set out the current charges. It then stated that it previously provided to the defense discovery of all reports and attachments under a specified St. John Sheriff's Office item number which related to reports regarding acts Defendant allegedly committed against four different victims, three of whom were under the age of 17 at the time the crime occurred. The State explained that pursuant to La. C.E. art. 412.2, evidence of Defendant's commission of another crime, wrong, or act involving sexually assaultive behavior

or acts which indicate a lustful disposition toward children may be admissible and may be considered on its bearing on any matter to which it is relevant.

On July 28, 2025, Defendant filed a Motion *in Limine* to Exclude Any Evidence Pursuant to Code of Evidence Article 412.2. Defendant asked the court to order the State to not refer to or introduce any evidence referenced in its notice of intent as it was untimely filed, since the State missed the court's previously set May 1, 2021 deadline. Further, Defendant argued that he had the right to rely on the court's order, and explained that on October 1, 2024, there was an extensive motions hearing and that trial was set for July 28, 2025. He said that the State's July 18, 2025 notice identified three witnesses alleging abuse over multiple years and in more than one state. Defendant also maintained many of the allegations occurred over thirty years prior and there was insufficient time to interview or subpoena in-state and out-of-state witnesses or to obtain documents and certified court records from out of state.

During the hearing, defense counsel argued, and the judge agreed, that the 412.2 notice had not been filed in May 2021, as a previous minute entry suggested. Although he acknowledged that he had notice of the actual allegations, he relied on the fact that no 412.2 notice had been filed, and maintained he could not adequately represent Defendant if the prior allegations were admitted into evidence at trial.

The State countered that "412.2" is a notice, not a motion, and no hearing or arguments are required. Although the judge acknowledged that it was not uncommon for the notice to be filed ten days before trial, he granted Defendant's motion, stating "So on 3/17[/2021], I gave [the State] 45 days to file it, and they did not file it. After that, they slept that motion. I'm sure if the appellate court hears this, they will determine whether I had authority to make such a ruling, but nonetheless, I have to be able to execute and persevere and preserve my own rulings of the Court."

Now, the State asserts that its notice, filed ten days in advance of trial (which was originally set for July 28, 2025), was reasonable within the meaning of La. C.E. art. 412.2. It argues that when the State tendered discovery to the defense on March 26, 2019, it gave notice to the defense. The State contends that the defense had the evidence since 2019. It avers that "the abandonment of the C.E. art. 412 motion in 2021 did not preclude confirmation in writing on July 18, 2025, of the previous C.E. art 412.2 Notice provided by tendering discovery." The State advises that the trial date has been reset to October 27, 2025.

La. C.Cr.P. art. 521 provides:

> A. Pretrial motions shall be made or filed within thirty days after receipt of initial discovery, unless a different time is provided by law or fixed by the court upon a showing of good cause why thirty days is inadequate.
>
> B. Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
>
> C. If by pretrial motion the state or the defendant requests discovery or disclosure of evidence favorable to the defendant, then the court shall

fix a time by which the state or the defendant shall respond to the motion.

La. C.E. art. 412.2(B) states, "In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes." Article 412.2 does not set a deadline for the notice and merely states that it must be in advance of trial. La. C.Cr.P. art. 3 states, "Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions."

Upon review of the application, the writ application is granted. The State's notice, filed ten days before trial, was reasonable under La. C.E. art. 412.2. *See State v. Le*, 22-468, p. 19 (La. App. 5 Cir. 8/9/23), 370 So.3d 162, 175-76, *writ denied,* 23-1230 (La. 2/6/24), 378 So.3d 752 (finding a notice of intent to introduce 412.2 evidence filed three days before trial was adequate where defendant had known of allegations for three years). Here, defense counsel clearly stated at the July 2025 hearing that he was previously aware of the prior allegations, and the defense had also been in possession of the evidence at issue several years prior to the filing of the State's notice. The judge also acknowledged that the timing was typical for such notices. Considering the amount of prior notice and discovery Defendant was provided, we find that he was not "ambushed with evidence of prior sexually deviant behavior", and the district court abused its discretion in its ruling against the State. *See Le*, *supra*; *State v. Farrier*, 14-0623, p. 20 (La. App. 4 Cir. 3/25/15), 162 So.3d 1233, 1246. Further, trial has since been reset to October 27, 2025, which provides the defense with additional time to investigate and prepare for trial.

Accordingly, the writ application is granted. The trial court's ruling on Defendant's Motion *in Limine* is reversed; the Motion *in Limine* is denied. The matter is remanded to the trial court for further proceedings.

Gretna, Louisiana, this 15th day of August, 2025.

**MEJ**
**JGG**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/15/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-341**

### E-NOTIFIED
40th District Court (Clerk)
Honorable J. Sterling Snowdy (DISTRICT JUDGE)
Jason M. Galjour (Relator)
Michael P. Ciaccio (Respondent)

### MAILED
Honorable Bridget A. Dinvaut (Relator)
District Attorney
Fortieth Judicial District
1342 LA Highway 44
Reserve, LA 70084